FILED
MAY 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Escrowed Funds

Case: 1:07-mc-00203
Assigned To : Friedman, Paul L.
Assign. Date : 5/16/2007
Description: Miscellaneous

### MOTION FOR LEAVE TO FILE COMPLAINT

The Estate of Rafael Quintero ("the Estate") respectfully moves this Court, pursuant to LCvR 40.3, n. 1, for leave to file the Complaint, lodged herewith, in which the Estate seeks a judgment that would allow it to distribute certain funds, currently being held in an escrow account maintained by the Estate's law firm.

WHEREFORE, the Estate submits that this Court should grant the instant motion and instruct the Clerk to accept the Complaint for filing.

Respectfully submitted,

Epstein Becker & Green, P.C.

By: Stuart M. Gerson
Bar Identification No. 94227
sgerson@ebglaw.com

1227 25th Street, Suite 700
Washington, D.C. 20037
(202) 861-0900 (voice)
(202) 296-2882 (facsimile)
Attorneys for the Estate of Rafael Quintero

RECEIVED
MAY 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re:  Escrowed Funds

Misc. Case No.: _____

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT

The Estate of Rafael Quintero ("the Estate") has moved for leave to file the complaint, lodged herewith, by which the Estate would seek a declaration from this Court that certain funds, currently totaling approximately $132,000, and held in an escrow account maintained by its law firm to the Estate as the rightful owner.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the matter arises under the laws of the United States and is ancillary to cases previously litigated in this Court by an Independent Counsel who was a legal creature of the federal judiciary. Alternatively, because the funds in question constructively may be held to be in the nature of a bond, this Court also would have jurisdiction pursuant to 28 U.S.C. § 1352.

This Court may grant the relief sought by the Estate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The request for said relief would constitute a proceeding subject to assignment as a miscellaneous case pursuant to Local Rule 40.3 n.1(f).

07-203

FILED

MAY 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WHEREFORE, based upon the foregoing, the Estate of Rafael Quintero respectfully requests that its motion be granted and its complaint be accepted for filing.

Respectfully submitted,

Epstein Becker & Green, P.C.

By: Stuart M. Gerson
Bar Identification No. 94227
sgerson@ebglaw.com

1227 25th Street, Suite 700
Washington, D.C. 20037
(202) 861-0900 (voice)
(202) 296-2882 (facsimile)
Attorneys for the Estate of Rafael Quintero

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Escrowed Funds

Misc. Case No.: _____

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the following Motion For Leave To File Complaint and Memorandum Of Points and Authorities In Support of Motion For Leave To File Complaint along with the complaint via United States Mail, in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Rudolph Contreras, Chief
Civil Division
United States Attorney's Office
District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Peter D. Keisler
Assistant Attorney General
United States Department of Justice
Civil Division
10th Street and Constitution Avenue, N.W.
Washington, D.C. 20530

Dated: May 16, 2007

_____
Stuart M. Gerson
Bar Identification No. 94227
sgerson@ebglaw.com

1227 25th Street, Suite 700
Washington, D.C. 20037
(202) 861-0900 (voice)
(202) 296-2882 (facsimile)
Attorneys for the Estate of Rafael Quintero

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Escrowed Funds

Misc. Case No.: _____

## COMPLAINT

### The Nature of the Action

1. This is an *in rem* action brought by and on behalf of the Estate of Rafael Quintero ("the Estate") seeking a declaration from this Court that certain funds, currently totaling approximately $132,000, and held in an escrow account maintained by the law firm of Epstein Becker & Green, P.C. ("EBG"), at BB&T Bank, may be distributed by EBG to the Estate as the rightful owner.

### Jurisdiction

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the matter arises under the laws of the United States and is ancillary to cases previously litigated in this Court by an Independent Counsel who was a legal creature of the federal judiciary. Alternatively, because the funds in question constructively may be held to be in the nature of a bond, this Court also would have jurisdiction pursuant to 28 U.S.C. § 1352.

3. This Court may grant the relief sought by the Estate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Because the United States and the Estate could not reach agreement as to the ownership and distribution of the funds in question, this matter presents an actual case or controversy.

**Factual Background**

5. During the so-called "Iran/Contra" investigation and the related actions brought during the 1980s on behalf of the United States by the Office of Independent Counsel Lawrence Walsh, Mr. Rafael Quintero was a cooperating witness for the government. He provided substantial useful information during various investigative interviews and, among other things, served as a witness for the United States in the trial of Col. Oliver North.

6. Mr. Quintero was never charged with any violation of law in connection with the investigation. Nor did he testify under any grant of immunity.

7. In the decades preceding the Iran/Contra matter, Mr. Quintero distinguished himself in his service to the cause of freedom in the Western Hemisphere. Indeed, following his death on October 1, 2006, Rafael Quintero was lauded as "a daring secret agent in the most dangerous American covert operations against Fidel Castro." Weiner, Tim, *New York Times*, October 19, 2006, Section B, Page 11.

8. As noted, the instant action is brought by and on behalf of Mr. Quintero's estate.

9. In November 1987, in his early discussions with the Office of the Independent Counsel, Mr. Quintero voluntarily informed the government that, during the period under investigation, he had come into possession of certain assets, including what was then a sum of cash in the amount of $74,600. Because the ownership of these monies might have been questioned, and litigation concerning these funds might have created conflicts with respect to the Office of the Independent Counsel with which Mr. Quintero wished to cooperate, he did not lodge a claim for the funds.

10. Nor did the Independent Counsel (or the Department of Justice as successor in interest), then or ever, assert that the United States was entitled to these monies.

11. Instead, recognizing that in the future Mr. Quintero might assert a right as to the funds, the Independent Counsel concluded that these monies should be held in escrow pending the conclusion of the investigation.

12. As is shown in the document attached hereto as Exhibit A, on or about November 13, 1987, an escrow agreement was executed, and the amount of $74,600 was deposited in an escrow account maintained by EBG.

13. The funds have remained in escrow since that date and, with interest, the amount escrowed now exceeds $132,000. The undersigned counsel is the escrow agent/trustee.

14. Under the escrow agreement, the escrow agent may not withdraw funds without either the written consent of the Office of Independent Counsel and Mr. Quintero or an order of the United States District Court for the District of Columbia obtained upon prior notice to all parties.

15. Sometime in 1990, one Richard Secord asserted that the money in question was his. In apparent violation of the strictures on contacts with represented parties, Secord and his then counsel obtained what they purported to be Mr. Quintero's permission to transfer the funds in question to Secord. However, the Office of Independent Counsel refused to consent to Secord's counsel's request and neither Secord nor anyone purporting to represent him has been heard from since.

16. No claim or other assertion of right having been made in nearly 17 years, Mr. Quintero concluded that he either had the right to the money in question at the time he disclosed its existence to the Independent Counsel or obtained it later through his possession of it and the abandonment of any cognizable claim by others. In either event, Mr. Quintero believed that any

known statute of limitations upon which a claim against his interest might be premised had expired.

17. The Office of Independent Counsel Walsh and his successors had long ceased to exist, and so it was impossible to get agreement from or give notice to that office.

18. Prior to Mr. Quintero's death, his counsel made several inquiries within the Criminal and Civil Divisions of the Justice Department, beginning on February 17, 2004, as to how the matter might be resolved through negotiation. For example, see Exhibit B. Several inconsequential communications from the Justice Department followed, but the matter was never resolved. See Exhibit C. The United States neither provided any substantive response nor asserted any claim.

19. As his successor in interest, the Estate therefore has filed the instant action seeking a declaration that it is the owner of the escrowed monies described herein, and that the escrow agent is authorized to disseminate the funds to the Estate's administrator, Mr. Quintero's son, Rafael C. Quintero.

20. Consistent with the Escrow Agreement and the course of dealings between Mr. Rafael Quintero and the government, the United States Attorney for the District of Columbia and the Assistant Attorney General for the Civil Division of the Justice Department will be served with this complaint. An attorney who had represented Mr. Secord in actions in this Court will be notified as well.

### Claim

21. The EBG escrow account at BB&T Bank, that is the subject of this litigation, contains an amount in excess of $132,000, that was the property of Rafael Quintero at the time of his death and hence now is an asset of his estate.

22. The existence of these funds was voluntarily and completely disclosed to the United States in November of 1987, almost 20 years ago, and was placed in escrow at the instance of the United States.

23. The United States, either through the Office of the Independent Counsel or the Department of Justice, has never made a claim for the monies in this account.

24. And save for the failed effort of Secord to gain control of the account in 1990, neither he nor anyone else has made a claim since.

25. Any potentially applicable statute of limitations that might have supported a claim by anyone other than the Estate has expired, and there is nothing that would suggest fraudulent concealment or anything else that might have served to toll any statute of limitations. Indeed, the facts are otherwise.

26. Accordingly, the Estate submits that this Court can, and should, declare that Rafael Quintero either was the uncontested owner of the funds in the escrow account at issue at the time he disclosed them to the government in 1987, or that he became the owner by virtue of his continuous possession of the funds and the abandonment of any claim of another at the point, many years ago, that the statute(s) of limitations expired.

27. The Court should declare further that the funds in the escrow account that were owned by Rafael Quintero at the time of his death, therefore now are assets of his estate and may be distributed by the escrow agent to the administrator.

WHEREFORE, the Estate of Rafael Quintero respectfully submits that this Court should declare that Mr. Quintero was the owner of the funds at issue at the time of his death and that the trustee of the escrow account at the BB&T bank is authorized to distribute said funds to Rafael C. Quintero, as administrator of the Estate, for subsequent distribution pursuant to the laws of the State of Florida, of which Mr. Quintero was a citizen.

Dated: May 14, 2007

Respectfully submitted,

*/s/ Stuart M. Gerson*
Stuart M. Gerson
Bar Identification No. 94227
sgerson@ebglaw.com

1227 25th Street, Suite 700
Washington, D.C. 20037
(202) 861-0900 (voice)
(202) 296-2882 (facsimile)
Attorneys for the Estate of Rafael Quintero

Exhibit A

## ESCROW AGREEMENT

WHEREAS, the Office of Independent Counsel/Iran-Contra (hereinafter "OIC"), has been empowered to investigate the transfer or diversion of funds realized from the sale or shipment of military arms to Iran; and

WHEREAS, Rafael Quintero has informed OIC of the existence of funds (hereinafter "the possible proceeds") that may constitute proceeds of sales of military arms to Iran; and

WHEREAS Rafael Quintero has agreed to deposit the possible proceeds in escrow until their rightful owner is determined; and

WHEREAS, Stuart Gerson, Esquire, (hereinafter "the escrow agent") on behalf of the firm of Epstein, Becker, Borsody & Green, P.C. and Rafael Quintero, have agreed to maintain custody of the possible proceeds in escrow until their rightful owner is determined,

OIC, Rafael Quintero, and the escrow agent hereby agree and intend to be bound as follows:

1. Upon receipt of the possible proceeds from Rafael Quintero, the escrow agent shall establish within the United States, at a bank of the escrow agent's choice, an escrow account on behalf of Quintero. The account established shall bear interest at a reasonable rate and shall be federally insured. The escrow agent shall inform OIC of the location of the escrow account, and from time to time inform OIC of the current balance of the escrow account upon request.

2. The escrow account shall be established so that the escrow agent shall have sole authority to withdraw funds from the escrow account.

3. The escrow agent shall not withdraw any funds from the escrow account without either

   a. the written consent of both OIC and Rafael Quintero; or

   b. an order issued by the United States District Court for the District of Columbia authorizing the release of funds from the escrow account, and obtained following timely notice to all parties to this Escrow Agreement.

07-203

FILED

MAY 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. The escrow agent shall inform OIC in an expeditious manner of any legal proceeding brought by any person seeking to claim title to the possible proceeds.

5. The escrow agent shall be liable to OIC for any loss incurred by the United States Government that is caused by the withdrawal of funds by the escrow agent from the escrow account in any manner other than as specified in paragraph 3 above.

_____
Rafael Quintero

LAWRENCE E. WALSH
INDEPENDENT COUNSEL

By: _____
Paul L. Friedman
Associate Counsel

11/13/87

_____
Stuart Gerson
   on behalf of Epstein, Becker,
   Borsody & Green, P.C.

# EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25th STREET, N.W., SUITE 700
WASHINGTON, D.C. 20037-1175

250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
(212) 351-4500

1875 CENTURY PARK EAST, SUITE 500
LOS ANGELES, CALIFORNIA 90067-2506
(310) 556-8861

ONE CALIFORNIA STREET, 26th FLOOR
SAN FRANCISCO, CALIFORNIA 94111-5427
(415) 398-3500

ONE LANDMARK SQUARE, SUITE 1800
STAMFORD, CONNECTICUT 06901-2681
(203) 348-3737

MIAMI CENTER
201 SOUTH BISCAYNE BLVD., 10th FLOOR
MIAMI, FLORIDA 33131
(305) 373-4088

P.C.—New York, Washington, D.C.,
Connecticut, Georgia, Massachusetts
New Jersey and Texas only

(202) 861-0900
Fax: (212) 661-0989
www.ebglaw.com

Direct: 202-861-4180
sgerson@ebglaw.com

February 17, 2004

RESURGENS PLAZA
945 EAST PACES FERRY ROAD, SUITE 2700
ATLANTA, GEORGIA 30326-1380
(404) 923-9000

150 NORTH MICHIGAN AVENUE, SUITE 420
CHICAGO, ILLINOIS 60601-7553
(312) 499-1400

111 HUNTINGTON AVENUE, 26th FLOOR
BOSTON, MASSACHUSETTS 02199-7610
(617) 342-4000

TWO GATEWAY CENTER, 12th FLOOR
NEWARK, NEW JERSEY 07102-5003
(973) 642-1900

LINCOLN PLAZA
500 NORTH AKARD STREET, SUITE 2700
DALLAS, TEXAS 75201
(214) 397-4300

WELLS FARGO PLAZA
1000 LOUISIANA, SUITE 5400
HOUSTON, TEXAS 77002-5013
(713) 750-3100

By courier

The Honorable Robert D. McCallum, Jr.
Associate Attorney General
United States Department of Justice
10th Street and Constitution Avenue, NW
Washington, DC 20530

Re:   Raphael Quintero

Dear Mr. McCallum:

During the Iran/Contra investigation and the related actions brought on behalf of the United States by the Office of Independent Counsel Lawrence Walsh, this firm served as attorneys for Mr. Raphael Quintero. Mr. Quintero was a cooperating witness for the government, providing substantial information during a number of investigative interviews and serving as a witness in the trial of Col. Oliver North. Mr. Quintero was never charged with any violation of law in connection with the investigation.

Early on in his discussions with the Independent Counsel, Mr. Quintero instructed me to inform the government that he had come into possession of certain monies during the period under investigation and, though he believed that he might be entitled to those funds, he was unsure of the fact. Accordingly, the Independent Counsel concluded that the monies should be held in escrow pending the conclusion of the investigation. As you can see from the enclosed documents, on or about November 13, 1987, an escrow agreement was executed, and the amount of $74,600 was deposited into an account of which I served as trustee. Having been replaced as

DC:245986v1

The Honorable Robert D. McCallum, Jr.
February 17, 2004
Page 2

trustee when I entered government service, I resumed the role upon my return to private practice in 1993. Our comptroller informs me that the account has grown to the point that it now exceeds $131,000.

The United States having had full knowledge of the monies in question for more than 16 years, Mr. Quintero believes that all relevant statutes of limitations for a claim by the government have expired. Now aging and infirm, Mr. Quintero has asked me to take steps that might give him access to the funds in escrow.

You will note that, under the escrow agreement (which in fact was executed completely, notwithstanding the partially-executed file copy that I've enclosed), the escrow agent may not withdraw funds without either the written consent of the Office of Independent Counsel and Mr. Quintero or an order of the United States District Court for the District of Columbia obtained upon prior notice to all parties. The Office of Independent Counsel Walsh and his successors has long ceased to exist, and so it is impossible to get agreement from or give notice to that office. We have made several informal inquiries within the Criminal and Civil Divisions of the Justice Department as to how we might proceed as to the United States but have not been able to get any useful direction. Regretfully, therefore, I burden you with the matter and ask for you to direct an appropriate person to make a response.

While Mr. Quintero would prefer to obtain consent, he has authorized me to petition the Court if necessary. The Department's response will dictate his actions.

With thanks for your consideration, I am

Sincerely,

Stuart M. Gerson

cc:    Mr. Raphael Quintero



U. S. Department of Justice

Exhibit C

Office of the Associate Attorney General

---

The Associate Attorney General

Washington, D.C. 20530

March 9, 2004

Mr. Stuart M. Gerson
Epstein Becker & Green, P.C.
Attorneys At Law
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

    Re: Raphael Quintero

Dear Mr. Gerson:

    I received your letter dated February 17, 2004 concerning Mr. Raphael Quintero and monies possibly related to the so-called Iran/Contra matter. I have referred your letter to appropriate officials within the Department of Justice for review and consideration. We may need to contact you for further information as we consider your inquiry. In any event, we will provide a substantive response to your letter once we have reviewed the matter.

    Please contact Gerald A. Reynolds at (202) 514-9500 if you have additional questions or concerns.

                                      Sincerely,

                                      Robert D. McCallum, Jr.

07-203

**FILED**

MAY 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT